**Lumumba T. MCCORD, Plaintiff,**

**v.**

**The CITY OF COLUMBUS, et. al., Defendants.**

**No. C2–01–624.**

United States District Court, S.D. Ohio, Eastern Division.

Sept. 10, 2002.

Frederick Douglas Benton, Columbus, OH, Nathan S. Akamine, Columbus, OH, for Plaintiff.

Joyce Battle Link, Bricker & Eckler, Columbus, OH, John Patrick Mazza, Harris, Turano & Mazza, Columbus, OH, Steven Lee Smith, Smith & Colner, Columbus, OH, Christopher Joel Geer, Matan, Geer & Wright, Columbus, Hope M. Goings, Columbus, OH, Michael John Johrendt, Johrendt, Cook & Eberhart, Columbus, OH, for Defendants.

## OPINION AND ORDER

SARGUS, District Judge.

This matter is before the Court for consideration of Defendant Andrea C. Goings' Motion for Summary Judgment (Doc. # 49), Defendant City of Whitehall's Motion for Summary Judgment (Doc. # 50), and Defendant City of Columbus' Motion for Summary Judgment (Doc. # 51). Plaintiff brings his federal claims under 42 U.S.C. § 1981, 1983 and 1988. Plaintiff also alleges the state law claims of malicious prosecution, defamation, defamation

per se, intentional infliction of emotional distress, interference with employment relations, breach of contract, bad faith breach of employment relations, promissory estoppel, false imprisonment, false arrest and abuse of process, and various state laws. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

For the reasons set forth below, all three motions are **GRANTED** as to the federal claims and **DISMISSED** without prejudice as to the state law claims.

## I.

This case arose in connection with a child custody dispute between Plaintiff McCord and Defendant Andrea C. Goings. Plaintiff and Defendant Goings met in 1995 in Toledo, Ohio, while Plaintiff was enrolled in law school and Defendant Goings was attending medical school. (Pl.Dep. Vol. III, at 6–8). Plaintiff is now a licensed attorney authorized to practice law in Ohio while Defendant Goings is a licensed medical doctor. (*Id.* at 12).

In February of 1998, in Toledo, Ohio, Defendant Goings gave birth to a child. (*Id.*, Vol. I, at 100). Although Plaintiff and Defendant Goings were never married, on February 11, 1998, Plaintiff signed an affirmation indicating that Plaintiff was the natural father of the child. (*Id.*, at 100–01 and Ex. 3). At the time of the child's birth, Defendant Goings lived in Detroit, Michigan, where she was completing her medical residency and Plaintiff lived in Columbus, Ohio, where he was employed with the Franklin County Public Defender's Office. (*Id.* at 99–101). In February of 2000, Plaintiff and Defendant Goings resided together with their son in Columbus, Ohio. (*Id.* at 99–102).

In May of 2000, Plaintiff and Defendant ended their five year relationship. (*Id.* at 102–10). Defendant Goings and the child moved to Toledo, while Plaintiff remained in Columbus. (*Id.*). Plaintiff and Defendant Goings agreed to allow the child to visit Plaintiff over the Father's Day weekend. (*Id.* at 110). Plaintiff was to return the child to Defendant Goings on June 20, 2000. (*Id.* at 114–15, 130–31). Plaintiff refused to return the child and instead filed a Petition for Custody. (*Id.* at 134 and Ex. 5). Further, Plaintiff sought and received and *ex parte* Restraining Order which prohibited Defendant Goings from removing the child from the jurisdiction of the court during the pendency of the custody dispute. (*Id.* at 134–35 and Ex. 6). A hearing date was set for September 7, 2000, to determine the merits of Plaintiff's petition. (*Plaintiff's Memorandum in Opposition,* at 3 and Exhibit attached thereto).

On June 22, 2000, Defendant Goings filed a Motion to Dismiss the Custody Petition and Vacate the Restraining Order. (*Id.*). On that same day Goings' motion was granted, the action was dismissed and the restraining order was vacated. (*Id.*). The child remained with Plaintiff, who refused to return the child to Goings.

Defendant Goings then filed a complaint against Plaintiff for interference with custody. (*Id.* at Ex. 9). Chief Prosecutor Stephen McIntosh investigated Defendant Goings' complaint, and together with City Attorney Janet Jackson, made a determination to go forward with criminal charges. (Jackson Dep. at 15).

Before McIntosh filed the charges, he met with Plaintiff to discuss the matter. (Pl.Dep., Vol. I, at 153–56). Plaintiff and McIntosh have been personal acquaintances for several years.[1] (*Id.* at 54, 147–

---

**1.** McIntosh referred Plaintiff to the City of Whitehall for employment as a city prosecu-    tor. (Pl.Dep., Vol. I, at 52).

56). McIntosh attempted to convince Plaintiff to return the child so that McIntosh would not be required to file criminal charges. (*Id.* at 153–56). Plaintiff refused to return the child. (*Id.*).

On June 27, 2000, the Columbus City Prosecutor's Office filed criminal charges and obtained a warrant for Plaintiff's arrest for interference with custody in violation of Ohio Revised Code ("O.R.C.") § 2919.23. The hearing was held in front of Judge Bruce Jenkins in the Franklin County Municipal Court. (Transcript of Proceedings, *State of Ohio v. McCord,* Case No.2000 CRB 016266, June 27, 2000). In refusing to vacate the warrant Judge Jenkins stated:

> I think [Plaintiff] is facing some real ethical problems concerning his license, . . . . I suggest that he return the child to his mother, and if he does, I will give him a recog bond. If he is not willing to do that, I'll leave it where it is and set a high bond. . . . I kind of agree with [Defendant Goings]. I think [Plaintiff] is in violation of the law.

(*Id.* at 14–15). On that same day, June 27, 2000, Plaintiff turned himself in to the Sheriff's office. (Pl.Dep., Vol.I, 173–74). Plaintiff posted bond and was released from jail. (*Id.* at 181). Plaintiff was ultimately found not guilty on February 8, 2000. (Jackson Dep. at 88)

On June 28, 2000, eleven days after Plaintiff had gained possession of the child, Defendant Goings secured a Writ of *Habeas Corpus* from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. (Pl. Dep., Vol. I, at 187–88 and Ex. 9). The Writ commanded the Sheriff to take the child and deliver him to Defendant Goings, and further summoned Plaintiff to appear before the court and show cause for the child's taking and detention. (*Id.*). The Writ set a hearing for June 29, 2000.

A sheriff's deputy went to Plaintiff's residence with Defendant Goings to deliver the Writ and gain possession of the child. (*Id.*, Vol. III, at 213). Plaintiff refused to relinquish the child or to disclose the child's whereabouts. (*Id.*, Vol. I, at 187).

A hearing on the Writ of *Habeas Corpus* was held on June 29, 2000, before Judge James W. Mason. (Transcript of Proceedings, *In re: Lumumba T. McCord II,* Case No. 00JU–06–7467, June 29, 2000, at 87). Judge Mason held in favor of Defendant Goings and ordered the child to be returned that evening. Specifically, Judge Mason stated:

> The law of Ohio is clear and it states that, "a—the petitioner, an unwed, natural mother of the minor child is the sole custodial parent unless and until some court of competent jurisdiction alters that status." It is clear from the evidence adduced at hearing thus far that the plaintiff has sought, requested, demanded and done everything in her power to obtain the return of the minor child, Lumumba Toure' McCord, the second to her custody and it is equally clear that the respondent, Lumumba Toure' McCord has continually and consistently failed and refused to return the minor child to the petitioner, the custodial parent and natural mother.

(*Id.*). Plaintiff returned the child to Defendant Goings later that evening. (Pl.Dep., Vol. III, at 187–88).

During the time these events occurred, Plaintiff was employed by the City of Whitehall as an assistant city attorney and served as the chief prosecutor. (*Id.*, Vol. I, at 24). Plaintiff's supervisor was Whitehall City Attorney Julie Lynch. (*Id.* at 26). From June 23 though June 26, Ms. Lynch was contacted by Defendant Goings, Defendant Goings' attorney and Columbus City Attorney Jackson, each inquiring into whether she had seen the

child and whether she would encourage Plaintiff to return the child. (Lynch Dep. at 17–20, 23). City Attorney Jackson stated that her main concern was for the safe return of the child to his mother, but that if necessary she would reluctantly file criminal charges. (*Id.* at 23, 37–39, 42).

On June 26, 2000, Ms. Lynch confronted Plaintiff with her concerns that his actions would embarrass the City of Whitehall and warned him that this would be unacceptable to the prosecutor's office. (Pl.Dep., Vol. I, at 202–03). Subsequently, as stated *supra*, Plaintiff turned himself in and posted bond on June 27, 2000. Plaintiff did not inform his employer of his arrest, and instead Ms. Lynch found out about it from the Whitehall Chief of Police. (Lynch Dep. at 22).

On July 29, 2000, Ms. Lynch fired Plaintiff for allowing his personal life to interfere with his employment and for embarrassing the City of Whitehall. (*Id.* at 32 and Ex. 5).

## II.

The procedure for considering whether summary judgment is appropriate is set forth in Federal Rule of Civil Procedure 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liber-*

*ty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Matsushita Electronic Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The Sixth Circuit Court of Appeals has recognized that *Liberty Lobby*, *Celotex*, and *Matsushita* have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.* 886 F.2d 1472, 1476 (6th Cir.1989). The court in *Street* identifies a number of important principles in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. *Id.* at 1479.

In addition, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (quoting *Liberty Lobby*, 477 U.S. at 257, 106 S.Ct. 2505). The nonmoving party must adduce more than a mere scintilla of evidence in order to overcome the summary judgment motion. *Id.* It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348). Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* That is, the nonmoving party has an affirmative duty to direct the court's attention

to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

### III.

Initially, Plaintiff motions to strike Defendant Goings' Motion for Summary Judgment. Defendants move for summary judgment on all Plaintiff's claims.

Plaintiff asserts federal claims under 42 U.S.C. §§ 1981, 1983 and 1988. In addition, Plaintiff alleges the state law claims of malicious prosecution, defamation, defamation per se, intentional infliction of emotional distress, interference with employment relations, breach of contract, bad faith breach of employment relations, promissory estoppel, false imprisonment, false arrest and abuse of process. The Court will address each in turn.

### A.  Motion to Strike

Plaintiff moves to strike Defendant Goings' Motion for Summary Judgment. Plaintiff argues that he did not receive a copy of the Motion until eight days after its deadline. Defendant Goings, however, did file the brief in this Court by the deadline. This Court is required to decide cases on the merits to as great an extent as legally possible. This is particularly so when there is no prejudice to the opposing party, as is apparently the case here since Plaintiff responded timely to Defendant Goings' Motion.

Consequently, Plaintiff's Motion to Strike Defendant Goings' Motion for Summary Judgment is **DENIED**.

### B. 42 U.S.C. § 1981

■ Plaintiff alleges a violation of 42 U.S.C. § 1981[2] against Defendant City of Columbus and Defendant Goings. A plaintiff states a viable cause of action under Section 1981 only by alleging a deprivation of his rights on account of his race, ancestry, or ethnic characteristics. *Saint Francis College v. Al-Khazraji,* 481 U.S. 604, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987); *Runyon v. McCrary,* 427 U.S. 160, 167–68, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976). Plaintiff merely titles Count I of his Amended Complaint as "COUNT ONE 42 U.S.C. §§ 1981, 1983, 1988." That is the only reference Plaintiff makes to Section 1981. Under Count I of Plaintiff's Amended Complaint, Plaintiff does not allege a deprivation of rights based on his race, ancestry of ethnic characteristics. Plaintiff does not even respond to the defendants arguments in their opposition memorandum with regard to a Section 1981 claim.

Looking at the evidence in the light most favorable to Plaintiff the Court concludes that Plaintiff has failed to raise a genuine issue of material fact on this claim. Consequently, summary judgment is **GRANTED** to Defendant City of Columbus and Defendant Goings on Plaintiff's 42 U.S.C. § 1981 claim.

### C. 42 U.S.C. § 1983

Plaintiff claims violations of his constitutional rights based upon: (1) an unreasonable seizure and detention; (2) denial of his rights to counsel, due process of law, free association and free assembly; (3) the operation of the City of Columbus' internal

2. 42 U.S.C. § 1981. Equal rights under the law

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

policies, practices, and procedures; (4) the City of Columbus' failure to properly train its employees; (5) the City of Columbus' failure to properly supervise, discipline and control its city attorneys; and (6) conspiracy between all defendants.

■ Section 1983 [3] creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. *Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Section 1983 has two basic requirements: (1) state action that (2) deprived an individual of federal statutory or constitutional rights. *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir.1998); *United of Omaha Life Ins. Co. v. Solomon,* 960 F.2d 31, 33 (6th Cir.1992).

### 1. Fourth Amendment

Plaintiff first claims that Defendant City of Columbus and Defendant Goings violated his fourth amendment right to be free from unreasonable seizures and detentions in violation of 42 U.S.C. § 1983.

#### a. Claim Against Defendant Goings

As to Plaintiff's claim against Defendant Goings, the initial question becomes whether the Section 1983 requirement of state action is met. The central question to be answered in determining whether a private party is a "state actor" is whether their actions are "fairly attributable to the state." *Wolotsky v. Huhn,* 960 F.2d 1331, 1335 (6th Cir.1992). Generally, private use of state-sanctioned remedies will not rise to the level of state action for purposes of imposing liability under 42 U.S.C. § 1983. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

■ Plaintiff's only claim against Defendant Goings is · that Goings employed "unreasonable means" in filing custody interference papers and that this caused Plaintiff to be arrested and that Goings initiated the investigation without probable cause. (*Amended Complaint,* ¶¶ 21-23). Plaintiff makes no attempt to show that Goings' actions were attributable to the state in his Memorandum Contra Defendant Goings' Motion for Summary Judgment. In fact, Plaintiff does not respond to this claim at all in his opposition memorandum. Instead, there is no evidence to suggest that Defendant Goings did anything other than report certain facts to the City Attorney's Office, which then had the discretion to file or not file charges. This fact alone does not constitute state action on behalf of Goings.

Plaintiff, as the nonmoving party, has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. Plaintiff has failed to do so. Accordingly, summary judgment is **GRANTED** to Defendant Goings on Plaintiff's Section 1983 claim for violation of the Fourth Amendment to the United States Constitution.

---

**3.** § 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in capacity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

*b.  Claim Against the City of Columbus*

■ The Court must determine whether Plaintiff has alleged facts which, when viewed in the light most favorable to him, demonstrate that Defendant City of Columbus violated his right to be free from unreasonable seizure and detention. *Klein v. Long,* 275 F.3d 544, 550 (6th Cir.2001). A section 1983 wrongful arrest claimant must prove that there was a lack of probable cause to believe that the suspect had committed the charged crime. *Stemler v. City of Florence,* 126 F.3d 856, 871 (6th Cir.1997). Probable cause to make an arrest exists if, at the moment of the arrest, "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense." *Klein,* 275 F.3d at 550 *citing Donovan v. Thames,* 105 F.3d 291, 298 (6th Cir.1997). Probable cause is assessed "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," *Kostrzewa v. City of Troy,* 247 F.3d 633, 639 (6th Cir.2001) (quoting *Graham v. Connor,* 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)), and thus "probable cause determinations involve an examination of all facts and circumstances within an officer's knowledge at the time of an arrest." *Gardenhire v. Schubert,* 205 F.3d 303, 315 (6th Cir.2000). "However, in general, the existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible." *Klein,* 275 F.3d at 550 *citing Gardenhire,* 205 F.3d at 315.

In the case at bar, Plaintiff first argues that there was no reason to insist upon his arrest by warrant because a summons would reasonably have insured his appearance to answer to the criminal charges. (*Plaintiff's Memorandum Contra,* at 11). Plaintiff articulated his argument in this regard in a bond hearing in which he sought to have the warrant lifted. (Transcript of Proceedings, *State of Ohio v. McCord,* Case No.2000 CRB 016266, June 27, 2000, at 2, 4, 10–11). Defendant City of Columbus responded to this argument contending that Plaintiff was in continued violation of the law by refusing to relinquish custody of the child to the legal custodial parent, Defendant Goings. Defendant argued that there were other, legal means through which custody could be established, and that Plaintiff who is trained in law, chose not to follow the proper procedures. (*Plaintiff's Memorandum Contra,* at 11–13). Further, according to Defendant, Plaintiff was attempting to delay the proper custody dispute process by delaying the criminal case while he continued possession of the child. (*Id.* at 13). Defendants expressed agreement to allow a summons to issue, instead of a warrant, and not be opposed to a recognizance bond if Plaintiff would discontinue his continued violation of the law. (*Id.*). Under Ohio law, an arrest warrant or summons could be issued for an alleged violation of O.R.C. § 2919.23. The decision of the state court and City Prosecutor to pursue a warrant is not a matter of constitutional moment; the only constitutional issue presented is whether there was probable cause.

The City of Columbus based its decision that probable cause existed to arrest Plaintiff based upon Chapter 31 of the Ohio Revised Code ("O.R.C."), which provides:

An unmarried female who gives birth to a child is the sole residential parent and legal custodian of the child until a court of competent jurisdiction issues an order designating another person as the residential parent and legal custodian. A court designating the residential parent and legal custodian of a child described

in this section shall treat the mother and father as standing upon an equality when making the designation.

O.R.C. § 3109.042.

This statute clearly grants custody of the minor child to Goings.[4] The Columbus prosecutor, in her discretion, issued a warrant for the arrest of Plaintiff for interference with custody in violation of O.R.C. § 2919.23.[5]

Plaintiff's argument was heard by two judges, both of whom requested that he return the child to Goings. Plaintiff refused and only thereafter, upon turning himself in, was arrested. The fact that Plaintiff was ultimately found not guilty of the charged offense does not negate the fact that two judges prior to his arrest found him to be essentially acting in violation of O.R.C. § 2919.23, a criminal statute.

■ The Court concludes that there was probable cause to arrest Plaintiff and that this conclusion is the only determination possible.[6] Accordingly, summary judgment is **GRANTED** to Defendant City of Columbus on Plaintiff's Section 1983 claim for violation of the Fourth Amendment to the United States Constitution.

## 2. Due Process, Counsel, Free Association and Free Assembly

Plaintiff alleges that Defendant City of Columbus and denied him his right to due process of law, counsel and free association and free assembly all in violation of 42 U.S.C. § 1983. (Amended Complaint, ¶¶ 21, 26). Plaintiff, however, makes no further allegations regarding these three claims in his pleading or in his memorandum in opposition to the defendants' motions for summary judgment.

Plaintiff was given a hearing on June 27, 2000, in which he was given the opportunity to return the child and avoid arrest. Plaintiff chose not to return and child and instead turned himself in to the police. Further, Plaintiff was given an extensive hearing on the Writ of Habeas Corpus on June 29, 2000. If there was a denial of due process it is not evident from the record, and Plaintiff has not pointed the Court to any factual basis for the claim.

As to Plaintiff's alleged denial of counsel, the Court finds the record similarly void of evidence and Plaintiff's motion void of argument. Plaintiff was represented by counsel throughout the events encompassed in this case, is currently represented by two attorneys, and Plaintiff himself

---

4. Plaintiff claims that O.R.C. § 3109.04.2 places a father and mother of a child on equal footing in determining custody of a child. This is true only with regard to a court having jurisdiction to determine custody. Custody was vested solely in Goings, unless or until, a court of competent jurisdiction ordered otherwise, which has never occurred in this case. At no point did Plaintiff have the right to unilaterally take custody of the child.

5. § 2919.23 Interference with custody.

(A) No person, knowing he is without privilege to do so or being reckless in that regard, shall entice, take, keep, or harbor any of the following persons from his parent, guardian, or custodian:

(1) A child under the age of eighteen, or a mentally or physically handicapped child under the age of twenty-one; ....

6. Plaintiff's argument that he was entitled to an affirmative defense under O.R.C. § 2919.23(C) fails. That statute gives an affirmative defense to, for example, "a neighbor who takes a child whom he knows is cruelly treated by his parents, and who honestly believes that if the child is not removed from them he may suffer serious injury or disease . . . or gives shelter to a child whom he has reasonable cause to believe is a runaway. . . ." This statute addresses exigent circumstances and does not allow a noncustodial parent to unilaterally assert custody rights.

is an attorney. Thus, there is seems to be no foundation for this claim.

Regarding Plaintiff's passing assertion that he was denied right to free association and free assembly, the record is again void of any evidence to corroborate such a claim. Plaintiff does not discuss this claim in his memorandum in opposition to the defendants' summary judgment motions.

The Court reiterates that Plaintiff, as the nonmoving party, has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. Plaintiff has again failed to do so.

Accordingly, summary judgment is **GRANTED** to Defendant City of Columbus on Plaintiff's Section 1983 claim for violation of the his constitutional due process, right to counsel, and right to free association and to free assembly.

### 3. Policy

■ Plaintiff appears to claim that the City of Columbus engaged in a pattern or practice of prosecuting without probable cause when implementing its policy on arrests of those accused of interference with custody. (*Amended Complaint* ¶¶ 23, 24). Local governments are liable under 42 U.S.C. § 1983 only when the municipality itself causes the constitutional violation alleged in the case. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A governmental entity cannot be held liable under Section 1983 based solely upon allegations that an injury was inflicted by its employees or agents, as the doctrine of *respondeat superior* is inapplicable. *Id.* at 691, 98 S.Ct. 2018. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is

responsible under § 1983." *Id.* at 694., 98 S.Ct. 2018 The Sixth Circuit has held that "to satisfy the *Monell* requirements a plaintiff must identify the policy, connect the policy to the city itself and show that particular injury incurred because of the execution of that policy." *Garner v. Memphis Police Dept.,* 8 F.3d 358, 364 (6th Cir.1993) (adopting the test articulated in *Bennett v. City of Slidell,* 728 F.2d 762, 767 (5th Cir.1984)).

Therefore, the City of Columbus cannot be held liable unless Plaintiff can prove that he suffered a constitutional deprivation as required under Section 1983 and that such deprivation was caused by a policy, practice or custom of the City. The local government's policy or custom "must be the moving force of the constitutional violation in order to establish the liability of a governmental body under § 1983." *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (quoting *Monell,* 436 U.S. at 694, 98 S.Ct. 2018). The course of conduct, "whether formally declared or informally accepted, must be the policy of the city government if it is to be the basis of city liability." *Bennett,* 728 F.2d at 767.

Viewing all the evidence in the light most favorable to Plaintiff, the Court concludes that Plaintiff has not raised a genuine issue of material fact as to this claim. First, as discussed *supra,* and to be discussed *infra,* Plaintiff has not raised any issues of material fact as to his claims that his constitutional rights were violated. Second, Plaintiff has not produced any evidence establishing that the alleged conduct by the City was in fact a policy or custom of the City. Nor does Plaintiff attempt to connect the policies or customs set forth in his Amended Complaint to the city itself or to show that his particular injury was incurred because of the execution of those policies. Rather, Plaintiff argues to the

contrary. Plaintiff claims that "the City of Columbus chose to act in contravention of its own policies compounding the situation by insisting upon the arrest of the Plaintiff." Clearly Plaintiff has not shown, nor attempted to show, that the policy regarding arrest for interference with custody was the moving force of the alleged constitutional violation. Thus, Plaintiff has failed to make a showing sufficient to establish the existence of elements essential to his case and on which he will bear the burden of proof at trial. Consequently, no reasonable jury could return a verdict for Plaintiff on this claim.

Accordingly, summary judgment is **GRANTED** to Defendant City of Columbus on Plaintiff's 42 U.S.C. § 1983 claim for execution of it's policy or custom.

### 4. *Failure to Train*

■ Plaintiff claims that Defendant City of Columbus failed to properly train the city attorneys. The inadequacy of training policy can serve as the basis for Section 1983 liability upon a political subdivision only where the failure to train amounts to deliberate indifference to the rights of the person with whom the city employee comes into contact. *Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The *Harris* Court stated that:

> We hold today that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. ... [A] municipality can be liable under § 1983 only where its policies are the "moving force [behind] the constitutional violation." Only where a municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants can such a shortcoming be properly thought of as a city "policy or custom" that is actionable under § 1983.

*Id.* at 388–89, 109 S.Ct. 1197 (internal citations omitted).

The *Harris* Court went on the explain the rationale behind the deliberate indifference standard stating:

> To adopt lesser standards of fault and causation would open municipalities to unprecedented liability under § 1983. In virtually every instance where a person has had his or her constitutional rights violated by a city employee, a § 1983 plaintiff will be able to point to something the city "could have done" to prevent the unfortunate incident. *See Oklahoma City v. Tuttle,* 471 U.S., at 823 (opinion of Rehnquist, J.). Thus, permitting cases against cities for their "failure to train" employees to go forward under § 1983 on a lesser standard of fault would result in *de facto respondeat superior* liability on municipalities—a result we rejected in *Monell,* 436 U.S. at 693–694, 98 S.Ct. 2018. It would also engage the federal courts in an endless exercise of second-guessing municipal employee-training programs. This is an exercise we believe the federal courts are ill suited to undertake, as well as one that would implicate serious questions of federalism. *Cf. Rizzo v. Goode,* 423 U.S. 362, 378–380, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

*Id.* at 391–92, 109 S.Ct. 1197

In the case at bar, Plaintiff has produced no evidence indicating that the City of Columbus showed deliberate indifference in the training of its prosecutors. Plaintiff cannot rely on the hope that the Court will disbelieve his denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment. Plaintiff has not met its burden.

Consequently, summary judgment is **GRANTED** to Defendant City of Colum-

bus on Plaintiff's 42 U.S.C. § 1983 claim for failure to properly train.

### 5. Failure to Supervise or Discipline

Plaintiff claims that Defendant City of Columbus failed to properly discipline, supervise or control the city attorneys. A supervisor "can be held liable under § 1983 only if he 'encouraged the specific incident of misconduct or in some other way directly participated in it,' or 'at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the of'" *Leary v. Daeschner*, 228 F.3d 729, 740 (6th Cir.2000) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984)). "Merely having the right to control employees is not enough, *see Monell v. Dept. of Social Servs.*, 436 U.S. 658 at 694, 98 S.Ct. 2018, 56 L.Ed.2d 611, nor is merely being aware of the misconduct, *see Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir.1996)." *Leary*, 228 F.3d at 740.

In the case *sub judice*, Plaintiff does not even allege the name of a supervisor who allegedly improperly supervised, disciplined or controlled a supervisee. Plaintiff has an affirmative duty to direct the Court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. Plaintiff has again failed to do so.

Accordingly, summary judgment is **GRANTED** to Defendant City of Columbus on Plaintiff's 42 U.S.C. § 1983 claim for failure to supervise or discipline claim.

### 6. Conspiracy

■ Plaintiff asserts that Defendant City of Columbus, Defendant Whitehall and Defendant Goings conspired to violate Plaintiff's constitutional rights. A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir.1985). Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. *Id.* Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant. *Id.* (citing *Hobson v. Wilson*, 737 F.2d 1, 237 U.S.App.D.C. 219 (D.C.Cir. 1984) *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985) and *Hampton v. Hanrahan*, 600 F.2d 600, 620–21 (7th Cir.1979), *cert. denied in part, granted in part and rev'd on other grounds*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980)).

■ Further, it is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under Section 1983. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir.1987) (citing as example *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir.1984) which found a conspiracy claim properly dismissed where "complaint merely alleged broad conclusory negligence language void of the factual allegations necessary to support a conspiracy theory").

■ In Plaintiff's opposition memorandum he merely states that:

The two governmental entities, along with Dr. Goings, conferred with the express purpose to compel Mr. McCord to return the child and to punish him for the legitimate pursuit of his lawful interest. There was an obvious understanding reached regarding this objective given both the criminal prosecution and the termination of his employment. As stated earlier there was no probable cause for the charge or arrest. Additionally,

Plaintiff's employment was unjustifiably terminated. *Plaintiff's Memorandum in Opposition*, at 18. Plaintiff was ordered to return the child to his mother. Plaintiff refused. A warrant was issued for Plaintiff, and a judge denied lifting of the warrant until Plaintiff returned the child to his mother. A Writ of *Habeas Corpus* was issued ordering Plaintiff to return the child to his mother. Plaintiff does not dispute these assertions. Plaintiff was terminated from his employment as a result of this conduct. Plaintiff's supervisor, Ms. Lynch, testifies that she did not discuss her decision to terminate Plaintiff with Columbus City Attorney Jackson. (Lynch Dep. at 40). City Attorney Jackson testified that she in now way suggested Plaintiff's termination. (Jackson Dep. at 89). Plaintiff does not counter with any facts or evidence to show that his termination was part of a conspiracy to rebut these affidavits.

Viewing the evidence in the light most favorable to Plaintiff, the Court concludes that there is no genuine issue of material fact relating to Plaintiff's civil conspiracy charge. Consequently, summary judgment is **GRANTED** to Defendants City of Columbus, City of Whitehall and Andrea Goings on Plaintiff's 42 U.S.C. § 1983 civil conspiracy claim.

### D. State Law Claims

Because all of Plaintiff's federal claims are disposed of in this Order, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(c)(3).

Consequently, the Court **DISMISSES** without prejudice Plaintiff's claims for malicious prosecution, defamation, defamation per se, intentional infliction of emotional distress, interference with employment relations, breach of contract, bad faith breach of employment relations, promissory estoppel, false imprisonment, false arrest and abuse of process. *Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir.2001).

### IV.

Based on the foregoing, all Defendants are **GRANTED** summary judgment on Plaintiff's claims brought under 42 U.S.C. §§ 1981, 1983 and 1988. (Docs. ## 49, 50, 51). The Court declines to exercise supplement jurisdiction over Plaintiff's state law claims. Consequently, Plaintiff's state law claims are **DISMISSED** without prejudice.

**IT IS SO ORDERED.**